UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDDIE O. CASTELLO, III | CIVIL ACTION |
| VERSUS | NO: 12-1854 |
| PURA BASCOS, ET AL. | SECTION: "A" (2) |

**ORDER AND REASONS**

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 10)** filed by defendants Mayor Mitchell Landrieu, Lucas Diaz, and Richard Cortizas; **Motion to Dismiss (Rec. Doc. 13)** filed by defendant Pura Bascos. Plaintiff Freddie O. Castello, III opposes the motions. The motions, scheduled for submission on January 16, 2013, are before the Court on the briefs without oral argument. For the reasons that follow, the motions are GRANTED.

I. **BACKGROUND**

Plaintiff Freddie O. Castello, III, proceeding pro se and in forma pauperis, has filed this complaint because the City of New Orleans, acting through its appointed officers and employees, will not relinquish title to the property located at 2336 Robert Street in New Orleans. Plaintiff and his parents have lived next door to the property since 1964. The property has been vacant for 12 years and Plaintiff has been mowing the lawn, planting trees, and painting the exterior since 2007. Plaintiff alleges

1

that he took "legal possession" of the property because he filed a $17,000.00 lien on the property for the 5 years of upkeep that he has rendered. (Rec. Doc. 2, Complaint at 1). The City of New Orleans has owned the property since 2009. Plaintiff has contacted various City officials and agencies in his struggle to obtain title to the property but thus far his efforts have not been fruitful. Plaintiff contends that the house on the property is historic and that without significant renovations--renovations that Plaintiff cannot obtain a permit to perform given that he does not have title to the property--the improvements will continue to decay. Plaintiff seeks 1) a restraining order to prevent the City from demolishing the property, 2) an order forcing the City to relinquish title to the property, and 3) money damages to pay for damages to the roof and interior restoration. (Rec. Doc. 2, Complaint at 6). Plaintiff has named as defendants Mayor Mitch Landrieu, Lucas Diaz (Office of Neighborhood Engagement), Pura Bascos (Code Enforcement Director), and Richard F. Cortizas (City Attorney).[1]

Via the instant motion Defendants move the Court to dismiss

---

[1] Defendants point out that Plaintiff has not sued the City of New Orleans, the owner of the property. Thus, even if this Court could award Plaintiff the relief that he seeks, the named individual defendants are not the proper parties from whom such relief can be obtained. (Rec. Doc. 10-1, Opposition at 6). In the exercise of its duty to construe this pro se complaint liberally, the Court will assume that Plaintiff is suing each of the named defendants in his or her official capacity as well as individual capacity.

2

Plaintiff's complaint.  Defendants argue that the complaint fails to allege a cause of action against any of the defendants and that Plaintiff has not established that this Court has subject matter jurisdiction over the dispute.

**II. DISCUSSION**

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Lormand v. US Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Lovick v. Ritemoney, Ltd., 378 F.3d 433, 437 (5th Cir. 2004)).  However, the foregoing tenet is inapplicable to legal conclusions.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Id. (citing Bell Atlantic Corp. v. Twombly, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  Gentilello v. Rege, 627 F.3d 540, 544 (5th Cir. 2010) (quoting Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008)).  To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face."  Id. (quoting Iqbal, 129

S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (quoting Plotkin v. IP Axess, Inc., 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. Id. (quoting Iqbal, 129 S. Ct. at 1950).

In an attempt to invoke this Court's jurisdiction, Plaintiff characterizes his claims as "Constitutional Issues." (Rec. Doc. 2, Complaint at 3). Plaintiff considers the City's refusal to transfer title of the property to him as a violation of the Fourteenth Amendment because without clear title he cannot qualify for "historic Tax Credits" or "First Time Home [O]wner Loans." (Id.). Plaintiff characterizes the certain ruin that will destroy the property in light of the City's delays as deliberate indifference under the Eighth Amendment. (Id.).

The Court assumes that Plaintiff has invoked the Fourteenth Amendment because he believes that the City has denied him due process by refusing to grant him ownership of the Robert Street property. No other aspect of the Fourteenth Amendment is remotely applicable to the facts of this case. At the heart of every due process claim is a property right or other protected interest. See Washington v. Glucksberg, 521 U.S. 702, 719-20

4

(1997) (discussing substantive due process); <u>Fuentes v. Shevin</u>, 407 U.S. 67, 84 (1972) (discussing procedural due process).  The Court accepts as true Plaintiff's allegation that he has "legal possession" of the property.  That said, the City is under no legal obligation to transfer ownership of the property to Plaintiff.  A private property owner would certainly be under no legal obligation to cede the property to Plaintiff under the facts alleged, and the matter does not become one of constitutional proportions simply because the City owns the property.  Even if Plaintiff had obtained the property via acquisitive prescription, which he has not,[2] the matter of quieting title vis à vis the City is not a matter for the federal courts because it does not implicate federal law.  Plaintiff's "interest" in the property, whatever that may be under state law, is not sufficient to give Plaintiff standing to claim a due process violation based on the City's refusal or lack of interest in transferring the property to him.  Plaintiff's allegations as to a Fourteenth Amendment violation are mere legal conclusions not supported by the facts alleged.  In short, the Fourteenth Amendment claim is legally frivolous.

Plaintiff's Eighth Amendment claim is also legally

---

[2] Because Plaintiff does not have just title to the property, acquisitive prescription would accrue after thirty years of possession assuming that Plaintiff could satisfy the Civil Code's requirements for corporeal possession.  La. Civ. Code arts. 3486, 3476.

frivolous.  The Eighth Amendment protects those imprisoned at the hands of the government, not improvements to real property.

The Court notes that Plaintiff has attempted to amend his complaint via his opposition memoranda to add a RICO claim and several additional defendants.  The amendments that Plaintiff seeks will not be allowed because they are legally frivolous.  Again, the City is not obligated to give Plaintiff the property because he has no right to such relief under state law.  Plaintiff is obviously frustrated that the property next door has been vacant for twelve years and that its owners have done nothing to improve it while he continues to care for it.  He clearly believes that it would be a win-win situation for all involved if the City would just give him the property so that he could move forward with renovations.  Plaintiff's frustration with the bureaucracy of local government is palpable.  But a federal court can do nothing to help Plaintiff with this fight because the issues involved are not federal ones, Plaintiff's belief notwithstanding.

In sum, Plaintiff fails to allege facts sufficient to state a claim under federal law.  Defendants are entitled to judgment as a matter of law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 10)** filed by defendants Mayor Mitchell Landrieu, Lucas Diaz, and

Richard Cortizas, and **Motion to Dismiss (Rec. Doc. 13)** filed by defendant Pura Bascos are **GRANTED**.  Plaintiff's complaint is **DISMISSED** with prejudice.

January 30, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE